**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | * | Case No. 24-53599 | |
|     Samir J Joshi | | | |
| | * | Judge: NAMI KHORRAMI | |
| Debtor | * | Ch. 13 | |

**AMENDMENT TO CHAPTER 13 PLAN**

Now comes the debtor, by and through counsel, to amend the Chapter 13 Plan as provided below:

> *Amended plan to clarify special provision regarding anticipated adversary proceeding.*

A copy of the Chapter 13 Plan as amended by the debtor(s) follows.

                                                Respectfully submitted,

                                                /s/ Michael A. Cox
                                                Michael A. Cox (0075218)
                                                Guerrieri Cox & Associates
                                                3478 N. High Street, Suite 100
                                                Columbus, Ohio 43214
                                                614.267.2871
                                                Fax to: 614.267.2871
                                                coxecf@columbusdebtrelief.com
                                                Attorney for Debtor(s)

**MANDATORY FORM PLAN (Revised 03/24/2023)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re | ) | Case No.  24-53599 |
| **Samir Jayesh Joshi** | ) | |
| | ) | Chapter 13 |
| Debtor | ) | Judge  NAMI KHORRAMI |

**CHAPTER 13 PLAN**

**1. NOTICES**

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor ____ is **not eligible** for a discharge.
☐ Joint Debtor ____ is **not eligible** for a discharge.

☐ **Initial Plan.**
☒ **Amended Plan.** The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee, and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly highlighted in a conspicuous manner in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.

<span style="color:red">The checkboxes below will be checked automatically if information is entered in the referenced Plan provisions.</span>

☒ This Plan contains nonstandard provisions in Paragraph 13.
☐ The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2(A) and/or 5.1.4(A).
☐ The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2, and/ or 5.4.3.

**NOTICE TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $__ per month. [Enter step payments below, if any.] The Debtor shall commence making payments not later than thirty (30) days after the date of filing of the Plan or the order for relief, whichever is earlier. § 1326(a)(1).

**2.1.1 Step Payments, if any:**
$**400** for **3** months
$**580** for **the remainder of the plan**

**2.2 Unsecured Percentage.**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of __**27**__% on each allowed nonpriority unsecured claim.

☐ **Pot Plan**. Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is

**MANDATORY FORM PLAN (Revised 03/24/2023)**

$_____. Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____%.

**2.3 Means Test Determination.**

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, projected length of the Plan must be sixty (60) months.

Upon notice filed with the Court, the Trustee is authorized to administratively increase the proposed percentage payable to nonpriority unsecured creditors to ensure the Plan complies with § 1325(b)(1)(B).

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

☒ NONE

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
|  |  |  |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1   Non-Government Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2(A) and 5.1.4(A). Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2, and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2   Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3   Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2(A), 5.1.4(A), 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), and Rule 4003(d).

4.4   Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2(A) or (B), 5.1.3, 5.1.4(A) or (B), and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of -- (a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under § 1328, or (c) completion of the Plan -- at which time the lien will terminate and be released by the creditor.

**5. PAYMENTS TO CREDITORS**

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |

**MANDATORY FORM PLAN (Revised 03/24/2023)**

| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims. |
|---|---|---|
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims. |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims. |
| Class 5 | Treatment of Claims with a Non-Filing Codebtor, Guarantor, or Third Party | See Paragraph 5.5 |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient. If the Trustee receives written communication from a creditor that a claim has been paid in full, released, waived, or otherwise deemed satisfied, the Trustee may file a Notice of Deemed Satisfaction of Claim with the Court and distribute any funds returned to the Trustee relating to such claim to other creditors without further order of the Court.

**5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS**

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The Plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full Plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

**5.1.1 Maintenance of Regular Mortgage Payments**

Regular mortgage payments shall be calculated to include the payment due the month after the filing of the petition. For mortgage loan claims disbursed by the Trustee, arrearage payments shall be calculated to include the payment due for the month of the filing of the petition. Arrearages shall be listed in Paragraph 5.2.1 and paid as Class 2 claims.

**Trustee disburse.**
☒ NONE

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may be paid directly by the Debtor only if the mortgage is current as of the petition date. LBR 3015-1(d).
☒ NONE

**5.1.2 Modified Mortgages or Liens Secured by Real Property**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the Plan is due. §§ 1322(b)(2), (c)(2).

**5.1.2(A) Cramdown/Real Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

☒ NONE

**5.1.2(B) Non-Cramdown/Real Property.** The full amount of the following claims shall be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

**MANDATORY FORM PLAN (Revised 03/24/2023)**

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

| Name of Creditor | Property Description | Purchase Date | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable**

The following claims are secured by personal property not described above in Paragraph 5.1.3.

**5.1.4(A) Cramdown/Personal Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

☒ NONE

**5.1.4(B) Non-Cramdown/Personal Property.** The full amount of the following claims will be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

**5.1.5 Domestic Support Obligations (Ongoing) - Priority Claims under § 507(a)(1)**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee. Arrearages shall be listed in Paragraph 5.2.2 and paid as Class 2 claims.

☒ NONE

**5.1.6 Executory Contracts and Unexpired Leases**

**Service Requirements.** The Plan shall be served on the holder of any executory contract or unexpired lease listed in Paragraph 5.1.6.

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** <u>A proof of claim for rejection damages must be filed by the creditor within ninety (90) days from the date of confirmation of the Plan. Rule 3002(c)(4).</u> Such claim shall be treated as a Class 4 nonpriority unsecured claim.

☒ NONE

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(c)(1). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

☒ NONE

**Debtor direct pay.**

**MANDATORY FORM PLAN (Revised 03/24/2023)**

☒ NONE

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

☐ NONE

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| Michael A. Cox 0075218 | 4,350.00 | 4,350.00 | $365.00 for three months, then $525.00 until paid |

### 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

#### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment, and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims. The interest rate in Paragraph 7 does not apply to claims in this Paragraph.

☒ NONE

#### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

☒ NONE

### 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

### 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

#### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

#### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

**MANDATORY FORM PLAN (Revised 03/24/2023)**

**5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property**

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

**5.4.4 Mortgages to be Avoided Under § 544**

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

☒ NONE

**5.5 CLASS 5 - TREATMENT OF CLAIMS WITH A NON-FILING CODEBTOR, GUARANTOR, OR THIRD PARTY**

**5.5(A) Claims Paid by Non-Filing Codebtor, Guarantor, or Third Party.** The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing codebtor, guarantor, or third party.

☒ NONE

**5.5(B) Claims Paid by Debtor or Trustee.** The following claims with a non-filing codebtor or guarantor shall be paid by the Debtor or Trustee.

☒ NONE

**5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR**

The following claims, which are not otherwise addressed in the Plan, shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

☒ NONE

**6. SURRENDER OF PROPERTY**

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

☒ NONE

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1 and 5.2.1, secured claims shall be paid interest at the annual percentage rate of __**8.5**__% based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at ____% from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

The Debtor shall provide the Trustee with a copy of each federal income tax return by April 30 of each year, unless otherwise ordered by the Court.

**8.2 Federal Income Tax Refunds**

**MANDATORY FORM PLAN (Revised 03/24/2023)**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and, unless otherwise ordered by the Court, shall turn over any balance in excess of such amount to the Trustee by June 1 of each year. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Bonuses, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Funds to Which the Debtor May Be Entitled or Becomes Entitled to Receive**

The Debtor shall keep the Trustee informed as to any claim for or receipt of money or property regarding personal injury, workers compensation, bonuses, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or receipt of social security funds.

## 10. INSURANCE

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.
☐ NONE

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/ Contact Information |
|---|---|---|---|---|
| **2018 Honda Accord 72,000 miles** | **Progressive** | **951894050** | **Full Coverage** | **1-800-776-4737** |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

## 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

## 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

**MANDATORY FORM PLAN (Revised 03/24/2023)**

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other \_\_\_\_

## 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

☒ The Debtor shall within 90 days of confirmation of this Plan file an adversary proceeding against First Investors National Bank to avoid its security interest in the Debtor's 2018 Honda Accord as this transfer constitutes an impermissible preference under the Bankruptcy Code. ~~The claim will be paid as a general unsecured non-priority debt~~. The Debtor has expressly requested the trustee to commence this action. The trustee has expressly declined to do so. The Debtor has standing and authority to file the motion or adversary proceeding. The extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor.

**Debtor's Attorney**

Date: **March 3, 2025**

**/s/ Michael A. Cox**
**Michael A. Cox 0075218**
**Guerrieri, Cox & Associates**
**3478 N. High Street**
**Suite 100**
**Columbus, OH 43214**
**Ph: (614) 267-2871**
**Fx: (614) 267-2873**
**coxecf@gcdebt.com**

**Debtor**
**/s/ Samir Jayesh Joshi**
**Samir Jayesh Joshi**
Date: **March 3, 2025**

**Joint Debtor**

Date:

## **NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION**

Debtor(s) has filed a Chapter 13 Plan or an Amended Chapter 13 (collectively, the "Plan")

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan below. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to:

US Bankruptcy Court
170 N. High Street
Columbus, OH 43215

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

Samir J Joshi
1206 Foor Boulevard
Pataskala, OH 43062

Michael A. Cox, Attorney for the debtor(s) (Served by Court's ECF System);
Chapter 13 Trustee Edward A. Bailey;
and the United States Trustee, 170 N. High Street #200, Columbus, OH 43215.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirmation the Plan without further hearing or notice.

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **Plan** was served (i) electronically on the date of filing through the court's ECF System on all participants registered in this case at the email address registered with the court and (ii) on the parties in interest listed below on **April 3, 2025** in the manner specified below:

The following Parties in Interest were served as required by Bankruptcy Rule 7004 via ordinary U.S. Mail (unless otherwise specified):

And, the following Parties in Interest were served via ordinary U.S. Mail:

All Parties on the attached mailing matrix

*/s/* Michael A. Cox
Michael A. Cox (0075218)

```
Label Matrix for local noticing          ACE Cash Express                      Ally Credit Card/CWS
0648-2                                    Corporate Office                     PO Box 9222
Case 2:24-bk-53599                        1231 Greenway Drive, Suite 600       Old Bethpage, NY 11804-9222
Southern District of Ohio                 Irving, TX 75038-2511
Columbus
Thu Apr  3 15:17:27 EDT 2025

Asst US Trustee (Col)                     Edward A. Bailey                     Capital One
Office of the US Trustee                  Edward A. Bailey - Chapter 13 Trustee Attn Bankruptcy
170 North High Street                     550 Polaris Parkway                  PO Box 30285
Suite 200                                 Ste 500                              Salt Lake City, UT 84130-0285
Columbus, OH 43215-2417                   Westerville, OH 43082-7058

Check Into Cash                           Michael A Cox                        Credit One Bank
PO Box 550                                Guerrieri, Cox & Associates LLC      PO Box 60500
Cleveland, TN 37364-0550                  3478 N. High St.                     City Of Industry, CA 91716-0500
                                          Suite 100
                                          Columbus, OH 43214-4031

Earnin                                    (p)EMPOWER FINANCE  INC              Explore Credit
PO Box 46                                 9169 W STATE ST                      PO Box 260269
Palo Alto, CA 94301                       #499                                 Atlanta, GA 31126-0269
                                          GARDEN CITY ID 83714-1733

FIRST INVESTORS SERVICING CORPORATION     Fifth Third Bank                     First Investors Financial Dept
c/o Peritus Portfolio Services II LLC     MD# ROPS05  Bankruptcy Dept.         Attn: Bankruptcy
PO Box 141419                             1850 East Paris SE                   3065 Akers Mill Road SE, Suite 700
Irving, TX 75014-1419                     Grand Rapids, MI 49546-6253          Atlanta, GA 30339-3124

First National Bank of Pasco              First Premier Bank                   JPMorgan Chase Bank
13315 US Highway 301                      3820 N Louise Avenue                 Attn: Legal Processing
Dade City, FL 33525-5455                  Sioux Falls, SD 57107-0145           1698 N. HIgh Street
                                                                               Columbus, OH 43201-1105

(p)JEFFERSON CAPITAL SYSTEMS LLC          Samir Jayesh Joshi                   LVNV Funding LLC
PO BOX 7999                               1206 Foor Boulevard                  c/o Resurgent Capital Services
SAINT CLOUD MN 56302-7999                 Pataskala, OH 43062-8079             PO Box 10497
                                                                               Greenville, SC 29603-0497

LVNV Funding LLC                          LVNV Funding, LLC                    Licking Memorial Hospital
c/o Resurgent Capital Services LP         Resurgent Capital Services           1320 West Main Street
PO Box 10466                              PO Box 10587                         Newark, OH 43055-3699
Greenville, SC 29603-0466                 Greenville, SC 29603-0587

Milestone Credit Card                     (p)MISSION LANE LLC                  Mission Lane LLC
PO Box 84059                              PO BOX 105286                        by AIS Infosource LP as agent
Columbus, GA 31908-4059                   ATLANTA GA 30348-5286                4515 N Santa Fe Ave
                                                                               Oklahoma City OK 73118-7901

NCA                                       National Credit Adjusters            National Credit Adjusters, LLC
PO Box 550                                PO Box 3023-327                      Attn: Bankruptcy Department
327 W. Fourth Street                      W 4th Street                         P.O. Box 3023
Hutchinson, KS 67501-4842                 Hutchinson, KS 67504-3023            Hutchinson, KS 67504-3023
```

```
(p)PORTFOLIO RECOVERY ASSOCIATES LLC      Quantum3 Group LLC as agent for       (p)REGIONAL INCOME TAX AGENCY
PO BOX 41067                              Velocity Investments LLC              PO BOX 470537
NORFOLK VA 23541-1067                     PO Box 788                            ATTENTION LEGAL DEPARTMENT
                                          Kirkland, WA  98083-0788              BROADVIEW HEIGHTS OH 44147-0537


(p)CONTINENTAL FINANCE COMPANY            US Department of Education            US Department of Education
PO BOX 3220                               National Payment Center               PO Box 16448
BUFFALO NY 14240-3220                     PO Box 790336                         Saint Paul, MN 55116-0448
                                          Saint Louis, MO 63179-0336


(p)UPGRADE  INC                           WebBank
2 N CENTRAL AVE                           215 South State St.
10TH FLOOR                                Suite 800
PHOENIX AZ 85004-4422                     Salt Lake City, UT 84111-2339
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Empower                                   Jefferson Capital Systems LLC         Mission Lane LLC
660 York Street                           PO Box 7999                           Attn: Bankruptcy
#102                                      St. Cloud, MN 56302-9617              P.O. Box 105286
San Francisco, CA 94110                                                         Atlanta, GA 30348


Portfolio Recovery Associates             (d)Portfolio Recovery Associates LLC  (d)Portfolio Recovery Associates, LLC
120 Corporate Boulevard                   140 Corporate Boulevard               POB 41067
Norfolk, VA 23502                         Norfolk, VA 23502                     Norfolk VA 23541


RITA                                      Surge                                 Upgrade Inc.
P.O. Box 6600                             PO Box 3220                           275 Battery Street
Cleveland, OH 44101-2004                  Buffalo, NY 14240                     23rd Floor
                                                                                San Francisco, CA 94111


End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37
```